by conceded facts, then the trial court could have reached no other conclusion than he did. The value of the testimony offered by the parties depended largely upon the appearance of the witnesses, and their manner in testifying. The trial court saw the witnesses, heard them testify, observed their appearance, and he was thus in a much better position than an appellate court could possibly be to determine the weight and force to be accorded to the testimony given by each. He saw fit to adopt the testimony given by the defendants' witnesses, and this clearly sustains the conclusion at which he arrived. An examination of the record fails to disclose any errors either in the admission or rejection of evidence which call for a reversal of the judgment.

The judgment is right, and must be affirmed, with costs.

---

PRESS PUB. CO. v. MORNING JOURNAL ASS'N et al.

(Supreme Court, Appellate Division, First Department.   June 9, 1899.)·

1. CONTEMPT—REVIEW—DEFENSES NOT RAISED BELOW.
Where a witness has been correctly adjudged guilty of contempt, a plea available, but not presented, in the lower court, will not be considered on appeal.

2. SAME—PUNISHMENT BY FINE
Code Civ. Proc. § 856, providing that where a witness is present, and refuses to testify or produce a book, a judge may "commit the offender to jail," etc., does not authorize the imposition of a fine.

3. SAME—PROCEDURE.
An order granting a motion to punish a witness for contempt is not irregular because made by the court, and not by a judge, where opportunity was given witness to be heard.

Appeal from special term, New York county.

Action by the Press Publishing Company against the Morning Journal Association and Charles M. Palmer. From an order granting a motion to punish him for contempt, the defendant Palmer appeals. Modified.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Roger A. Pryor, for appellant.
James W. Gerard, Jr., for respondent.

PER CURIAM. Whether or not Mr. Palmer was guilty of contempt was correctly determined below. The record discloses a clear case of a deliberate and sustained effort to impede the examination and to render it abortive. The suggestion that the witness could not produce the books was clearly an afterthought, and was availed of to escape the consequences of repeated refusals, under the advice of counsel, to obey the terms of the order or the directions of the referee. Had this plea been presented in good faith when the order was made, or upon the examination, or upon the motion to punish, it would have received consideration from the court. But its weakness is apparent, not alone because it was not availed of until every other excuse for impeding the examina-

tion had been exhausted, but from the further fact that after it was presented the counsel for the defendants, who were present, advising the witness, objected to questions directed to showing that the witness, as treasurer, did have the books required on the examination, and, had he so desired, could have produced them. The facts and questions involved on the motion to punish, and again presented here, are so fully considered in the opinion of Mr. Justice BEEKMAN (58 N. Y. Supp. 186), that, were it not for a provision in the order which, in addition to committing the witness, imposes a fine, we should deem further discussion unnecessary.

The amount of the fine ($345.92) was the actual loss and injury to the plaintiff for fees of the referee and stenographer, and for printing; and, if there were authority for imposing it, we would sustain it, as being both reasonable and just. As correctly urged by the appellant, however, the Code makes specific provision for the contumacy of a witness, differing from the general authority, conferred by section 2457 and similar sections of the Code, to punish as for a contempt,—the penalty for disobeying a subpœna. For disobeying a subpœna and refusing to attend, the court not only has the right to punish, but may compel the contumacious witness "to pay the damages sustained by the party aggrieved," as prescribed by section 855. Where, however, the witness is present at the trial or hearing, and there refuses "to answer a legal and pertinent question or to produce a book," a judge may "by warrant commit the offender to jail, there to remain until he submits to do the act * * * or is discharged according to law." Code Civ. Proc. § 856. By express provision of section 876 of the Code, having reference to the taking of depositions before trial, mention is made of section 856; and we think the appellant rightly contends "that, without this reference to section 856, the section (876) would not have applied, and that by the reference to 856 all other provisions of the Code are excluded. 'Expressio unius, exclusio alterius.'" As no authority to impose a fine is given by section 856, its imposition was unauthorized.

The further contention that the order appealed from is irregular because made by the court, and not by a judge, is untenable. The witness has no grievance, because he was notified, and an opportunity given to him to be heard, instead of being proceeded against ex parte. Upon the proceeding below, after a hearing, it was determined by the court that he was guilty of a contempt. The court did not commit the witness, however, but decided what he must do; giving him a reasonable time to comply, and then directing "that the plaintiff may apply ex parte to a justice of this court, upon proof by affidavit of the violation of the provisions of the order, * * * for a warrant." Such a hearing and decision by the court may have been unnecessary to authorize a commitment, as held in Re McAdam (Sup.) 7 N. Y. Supp. 455; but, as already said, the procedure adopted was an advantage to the witness, and the objection now urged is highly technical.

The order should be modified by striking out the fine, and, as so modified, affirmed, without costs.